MICHAEL SATTELMAIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sattelmaier v. Commissioner
Docket No. 25860-92
United States Tax Court
T.C. Memo 1994-369; 1994 Tax Ct. Memo LEXIS 375; 68 T.C.M. (CCH) 320; August 2, 1994, Filed *375 Decision will be entered under Rule 155. For petitioner: Harry L. Cohn. For respondent: Scott Anderson. CHIECHI
CHIECHI
MEMORANDUM FINDINGS OF FACT AND OPINION CHIECHI, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to Tax
Section Section Section
Section
Year
Deficiency
6651(a)(1) [1]
6653(a)(1)
6653(a)(2)
6654 1981
$ 23,750
$ 5,938
$ 1,188 *
$ 1,820
1984
17,751
4,438
888 *
1,116
* 50 percent of the interest due on the underpayment
attributable to negligence. Respondent determined that the
entire underpayment was attributable to negligence.
The issues remaining for decision are: 1. Did petitioner have income for 1984 in the amount of $ 50,000? We hold that he did. 2. Is petitioner liable for 1984 for failure to file timely a Federal income tax return? We hold that he is. 3. Is petitioner liable for 1984 for the additions to tax for negligence? We hold that he is. 4. Is *376 petitioner liable for 1984 for failure to make required estimated tax payments? We hold that he is. FINDINGS OF FACT Some of the facts have been stipulated and are so found. [2] Petitioner resided in Richmond, Virginia, at the time the petition was filed. Petitioner did not file a Federal income tax return for 1984. In October 1975, articles of incorporation for a corporation called Misho, Inc. (Misho I) were filed in the District of Columbia. Petitioner was an incorporator, a stockholder, the initial registered agent, and a member of the initial board of directors of Misho I. The corporate charter of Misho I was revoked as of September 14, 1981. Sometime thereafter, Misho I was reinstated, and, in December *377 1981, the State of Virginia issued Misho I a certificate of authority to do business in Virginia. Hereinafter, the reinstated Misho I that was issued a certificate of authority to do business in Virginia will be referred to as Misho II. In 1984, Misho II maintained a checking account at a bank in Richmond, Virginia. John Ecimovic, petitioner's cousin, was president of Misho II at least during 1983. In March 1984, petitioner became president of Misho II. In or before 1984, a corporation also known as Misho, Inc. and hereinafter referred to as Misho III was organized in Nevada. Petitioner was a stockholder and officer of Misho III in 1984. In 1984, Misho III conducted its operations in Richmond, Virginia, and maintained a checking account at a bank in that city. Petitioner did not have a personal checking account in 1984. In May 1984, Bill J. Sparks (Mr. Sparks) wrote a check to petitioner for $ 50,000. That check was deposited into a Misho checking account at the Bank of Virginia in Richmond. OPINION Petitioner has the burden of showing that respondent's determinations for 1984 are erroneous. [3] *379 Rule 142(a); . *378 In order to satisfy that burden, petitioner relies on his own testimony. We find most of petitioner's testimony in the instant case to be suspect and very little of it to be credible. Petitioner was evasive and had a selective memory during his testimony. For example, he had a very specific recollection about certain matters that tended to support his position in this case and no recollection at all or a hazy recollection about other matters that did not tend to support his position in this case. In addition, petitioner's testimony in this case was at times inconsistent. It also was at times contradicted by his testimony in the trial of . [4]
Petitioner stipulated that Mr. Sparks wrote him a check for $ 50,000 and that that check was deposited into a Misho checking account at the Bank of Virginia in Richmond. [5] *380 Petitioner admitted at the trial in this case that he was an officer and stockholder of Misho III during 1984. He also acknowledged during his testimony in the Chellappan case that he became president of Misho II in March 1984. [6] He further testified herein that Misho II and Misho III each had a checking account at a bank in Richmond, Virginia. In the face of the foregoing stipulations and admissions, petitioner nonetheless claims that he does not know Mr. Sparks, that he never received a check from him for $ 50,000, and that he did not cause any such check to be deposited into a Misho checking account in Richmond. [7] At trial, petitioner could offer no explanation as to why an individual whom he claims not to have known would have written him a check for $ 50,000. We found petitioner's self-serving testimony concerning Mr. Sparks and the $ 50,000 check to be incredible, and we do not accept it. See , affg. ; . *381 On the instant record, we find that petitioner has not sustained his burden of showing that respondent's determination that he had $ 50,000 of income for 1984 is wrong. Accordingly, we sustain respondent's deficiency determination for that year. Petitioner introduced no evidence (other than his denial of having received the income in question) and makes no argument with respect to the additions to tax under sections 6651(a)(1), 6653(a)(1) and (2), and 6654. [8] Consequently, petitioner has failed to sustain his burden of showing that respondent's determinations with respect to those additions to tax are erroneous. Therefore, those determinations are sustained. To reflect the foregoing and the concessions of the parties, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent objected to petitioner's exhibits 4 and 5 on the grounds of relevance. The Court admitted those exhibits, noting that it would give to them whatever weight it considered appropriate. While relevant, the Court does not find petitioner's exhibits 4 and 5 to be determinative of the issues presented.↩
3. For the first time in his answering brief, petitioner contends that respondent is advancing a new theory for the inclusion of $ 50,000 in his income for 1984 that requires a shifting of the burden of proof in this case to respondent. We disagree. The assertion of a new theory that merely clarifies or develops respondent's original determination without (1) requiring the presentation of different evidence, (2) being inconsistent with respondent's original determination, or (3) increasing the amount of the deficiency is not a new matter requiring the shifting of the burden of proof. . In the notice of deficiency, respondent determined that petitioner had $ 50,000 of income for 1984 as a result of his having received a $ 50,000 loan from Mr. Sparks that was not repaid. Respondent's trial memorandum, which was served on petitioner almost three weeks before the commencement of the trial session on which this case was calendared, set forth respondent's position that the $ 50,000 that petitioner received in 1984 from Mr. Sparks was income, without stating a specific theory. That trial memorandum indicated, among other things, that respondent expected petitioner to argue that the check he received from Mr. Sparks is not income because it was a loan. Under the circumstances presented here, including the fact that petitioner's position is that he never received a check for $ 50,000 from Mr. Sparks, whether as a loan or otherwise, we find that respondent has not raised a new matter within the meaning of Rule 142(a). Id.↩
4. The Court characterized the testimony of Michael Sattelmaier in , as follows: Michael Sattelmaier as a witness was verbose, evasive and adept at lengthy incomprehensible answers to simple questions. * * * We find none of his testimony credible except to the extent that he may have correctly explained the origin of Magna Print * * *↩
5. It is not clear from the stipulation or from any other part of the record whether the check that Mr. Sparks wrote to petitioner was deposited into a checking account in Richmond of Misho II or Misho III. This ambiguity is not significant in light of the entire record in this case.↩
6. While petitioner's testimony in the Chellappan↩ case is not altogether clear as to whether he also was a stockholder of Misho II in 1984, it could be read in such a manner.
7. Petitioner did not call Mr. Sparks as a witness and offered no explanation for not doing so. We may therefore presume that his testimony would not have been favorable to petitioner's position that he did not know Mr. Sparks and did not receive a $ 50,000 check from him in 1984. , affd. .↩
8. Indeed, in his answering brief, petitioner indicates that he has no objection to respondent's proposed ultimate findings of fact that petitioner is liable for the additions to tax determined by respondent for 1984.↩